UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

James Levesque

    v.                                               Civil No. 18-cv-420-LM
                                                 Opinion No. 2020 DNH 134
Andrew Saul, Commissioner,
Social Security Administration

**O R D E R**

Attorney D. Lance Tillinghast seeks $26,057 in attorney's fees for his successful representation of Social Security claimant, James Levesque.  See doc. no. 17.  Tillinghast argues that he is entitled to attorney's fees under both 42 U.S.C § 406(b)(1) of the Social Security Act ("§ 406(b)") and pursuant to a fee agreement he executed with Levesque.  See doc. no. 17.  The Commissioner of the Social Security Administration ("Commissioner") argues that the fee award may constitute a windfall and urges the court to reduce the award.  See doc. no. 19.  The Commissioner further suggests that if the court awards fees to Tillinghast, the court should ensure that Tillinghast refunds Levesque the fees previously awarded under the Equal Access to Justice Act ("EAJA") 28 U.S.C § 2412 as required under § 406(b).

For the reasons that follow, the court finds that $11,120.00 is a reasonable attorney's fee award here.  The court further directs Tillinghast to remit the EAJA award to Levesque.

**BACKGROUND**

Levesque filed an application for disability insurance benefits and supplemental social security income ("SSI") on November 29, 2010. After an initial denial, Levesque hired Tillinghast on March 31, 2011. Tillinghast represented Levesque at each step of what became a long, but ultimately successful, SSI application.

After a hearing in March 2012, an Administrative Law Judge ("ALJ") found Levesque not disabled. The Appeals Council denied his request for review on May 24, 2013. Levesque appealed to this court. See Levesque v. U.S. Soc. Sec. Admin., Acting Comm'r, 13-cv-298-JL (D.N.H. June 28, 2013).

After a hearing, this court granted Levesque's appeal and remanded to the ALJ. A different ALJ held a hearing on Levesque's claim and found partially in favor of Levesque on July 10, 2015. Levesque appealed and the Appeals Council remanded in part to the ALJ.[1]

---

[1] The Appeals Council directed the ALJ, upon remand, to: (1) recontact Levesque's treating sources and/or obtain evidence from a medical expert to clarify the nature, severity, and limiting effects of Levesque's impairments; (2) give further consideration to the opinions of Drs. Lowne, Wiley, and Grobman and explain the reasons for the weight given to their opinions; (3) give further consideration to Levesque's maximum RFC during the relevant period prior to March 14, 2013, and provide appropriate rationale with specific references to the evidence of record to support the assessed limitations; and (4) obtain supplemental evidence from a vocational expert if necessary. See doc. no. 13.

Before the ALJ held its next hearing, Tillinghast and Levesque entered into a two-tiered contingency fee agreement (the "Agreement"). This Agreement specifies that if Levesque prevailed at the upcoming ALJ hearing, Tillinghast would receive the lesser of either 25 percent of all past-due benefits awarded or the dollar amount set pursuant to 42 U.S.C. § 406(a)(2)(A), which is currently $6,000. Further, the Agreement specifies that if the ALJ denied Levesque's motion in the upcoming hearing, Tillinghast appealed, and Levesque prevailed, then Tillinghast would ask the SSA to approve a fee of up to 25 percent of past-due benefits. Doc. no. 17, Ex. B. The Agreement also states that if Levesque does not win benefits, then Tillinghast does not receive a fee award. See doc. no. 17, Ex. B.

The ALJ held a hearing on July 13, 2017, and issued an unfavorable decision on August 8, 2017. The Appeals Council denied Levesque's subsequent request for review making the ALJ's decision the Commissioner's final decision.

Levesque appealed to this court. On May 7, 2019 this court granted Levesque's appeal and remanded. See doc. no. 13. This court awarded Tillinghast $2,780 in EAJA fees for his successful representation before this court. On December 20, 2019, an ALJ issued a favorable decision finding Levesque disabled as of

December 30, 2010.  The ALJ awarded Levesque $104,228 in past-due benefits.

On March 27, 2020, Tillinghast petitioned the court seeking $26,057.00 in attorney's fees, an amount equal to 25 percent of Levesque's past-due benefits, pursuant to both 42 U.S.C. § 406(b)(1) and the Agreement.  In support of his motion, Tillinghast provided the court with a billing statement showing that he spent 15.5 hours representing Levesque in his appeal: 14 attorney hours billed at a rate of $190 per hour, and 1.5 paralegal hours billed at a rate of $80 per hour.  See doc. no. 17, Ex. D.[2]

The Commissioner filed a response arguing that it may be unreasonable to award Tillinghast $26,057, a reimbursement rate of $1,681 an hour, because that award may constitute a windfall.  Doc. no. 19 at 4-5.

## STANDARD OF REVIEW

Section 206(b) of the Social Security Act, 42 U.S.C § 406(b) allows attorneys to recover up to 25% of a claimant's past-due benefits as compensation for successfully representing the claimant in federal court.  Courts may only award fees for work

---

[2] Tillinghast also provided the court with a billing statement showing that he spent additional hours representing Levesque on the same claim outside the federal court: 46.5 attorney hours billed at $300 per hour and 15.4 paralegal hours billed at $125 per hour.

done before the court and may not grant fees for work done before the SSA.  See 42 U.S.C. § 406(b)(1)(A); Clark v. Astrue, 529 F.3d 1211, 1215 (9th Cir. 2008) ("[Section] 406(b) empowers courts to award attorney's fees based only on representation before the court.").  Where, as is often the case, attorneys enter into fee agreements with claimants, courts generally defer to these agreements, so long as they are "reasonable."  See Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002).

    In Gisbrecht, the United States Supreme Court held that courts should consider several factors when determining whether a fee award is reasonable: (1) the character of representation; (2) the results achieved; (3) whether the attorney is responsible for a delay and will profit from an accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the amount of time counsel spent on the case.  See Giles v. Saul, No. 17-CV-659-PB, 2020 WL 836736, at *4 (D.N.H. Feb. 20, 2020) (citing Gisbrecht, 535 U.S. at 808).  A court may exercise discretion and reduce the attorney's fee to a "reasonable" amount in order to avoid awarding counsel a windfall.  Gisbrecht, 535 U.S. at 808; see also Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989).

**DISCUSSION**

Tillinghast requests 25 percent of Levesque's awarded $104,228 past-due benefits pursuant to § 406(b).  He argues that the 25 percent award is in accordance with the fee agreement and does not exceed the limit set in § 406(b)(1)(A).  He asserts this award is reasonable given the nature of his representation and the absence of any reason why such an award would be unjust.

I.   <u>Section 406(b) Fees Under the Fee Agreement</u>

Tillinghast's Agreement with Levesque does not mention section 406(b) fees, which are awarded for successful representation before a federal district court.  The Agreement only mentions § 406(a)(2)(A) fees, which are awarded for successful representation before the Commissioner.  Doc. no. 17, Ex. B.  Therefore, the court finds that the plain language of the fee agreement does not permit Tillinghast to recover attorney's fees for work done before this court.  See Giles, 2020 WL 836736, at *3 (concluding that the plain language of the fee agreement did not provide any basis for awarding attorney's fees under section 406(b)(1)); Mounce v. Colvin, No. 10-CV-560-PB, 2016 WL 4444710, at *2 (D.N.H. Aug. 23, 2016) (same).

II.  Award of Attorney's Fees

Even without an enforceable fee agreement, however, Tillinghast may recover fees for his work before this court so long as the court determines the requested fees are within the 25 percent limit set by statute and are reasonable.  See 42 U.S.C. § 406(b)(1)(A); Gisbrecht, 535 U.S. at 808.

This court has previously used a "blended" approach to determine whether an attorney's fee is reasonable.  See Giles, 2020 WL 836736, at *3; see also Mounce, 2016 WL 4444710, at *2.  This approach combines the "lodestar" method, where courts multiply the number of hours reasonably devoted to each case by a reasonable hourly fee, and the "reasonableness" test that considers the factors set forth in Gisbrecht.  Gisbrecht, 535 U.S. at 797-98, 808.  As in prior cases, the court applies the blended approach here.

III. Calculation

Both parties agree that Tillinghast spent 14 attorney hours and 1.5 paralegal hours representing Levesque before the federal district court in this case.  He billed $190 for attorney hours and $80 for paralegal hours.  Doc. no. 17, Ex. D.  After multiplying Tillinghast's reported hours by the respective billing rates, the court concludes his lodestar equals $2,780.  The court now applies the Gisbrecht factors to this starting

7

point.  The first three Gisbrecht factors—the character of representation, the results achieved, and attorney responsibility for any delay—support increasing Tillinghast's fee from the lodestar.  See Gisbrecht, 535 U.S. at 808.  Tillinghast's work before this court took considerable skill and was effective: he won Levesque several years of back benefits worth $104,228.00.  Doc. no. 17 at ¶ 3.  Moreover, there is no indication that Tillinghast engaged in any delay tactics to increase his fee.  Additionally, because Levesque paid no fee up-front, Tillinghast risked not being compensated at all for his work.  Doc. no. 17 at ¶ 6.  However, the fourth Gisbrecht factor—whether "the benefits are large in comparison to the amount of time counsel spent on the case," Gisbrecht, 535 U.S. at 808—supports decreasing Tillinghast's fee from the 25 percent allowed by statute.  Tillinghast and his paralegal only spent 15.5 hours representing Levesque before this court and his requested $26,057 fee equals an hourly rate of $1,681.09.  This amount is more than nine times the lodestar.

After considering the Gisbrecht factors, the court concludes that an award of $11,120, four times the lodestar, is reasonable.  While this fee is significantly lower than the $1,681 per hour that Tillinghast requests, it is significantly higher than his billed hourly rate of $190.  This fee is also well within the range approved by this and other courts.  See

Giles, 2020 WL 836736, at *4 (decreasing an attorney's fee award from the requested 25 percent ($2,212 per hour) to four times the lodestar (over $800 an hour); Mounce, 2016 WL 4444710, at *3 (awarding twice the lodestar, $500 per hour, after weighing the Gisbrecht factors); Paula K. v. Saul, No. 5:15-CV-00084, 2019 WL 6497430, at *4 (W.D. Va. Dec. 3, 2019) (finding that an award equal to the lodestar, approximately $250 per hour, was a reasonable fee award); Ezekiel v. Astrue, 853 F. Supp. 2d 177, 181 (D. Me. 2012) (concluding an award three times the lodestar, $1,225 per hour, to be reasonable).

Finally, as Tillinghast acknowledged in his petition, doc. no. 17 at ¶ 10, this award of Section 406(b) attorney's fees requires him to refund the EAJA fee that he has already received to Levesque. See Gisbrecht, 535 U.S. at 796.

## CONCLUSION

The court grants Tillinghast's motion and awards attorney's fees in the amount of $11,120.00. The court directs Tillinghast to refund the EAJA fee of $2,780 to Levesque.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 29, 2020

cc: Counsel of Record.